UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | Civil Action No. 18-10869 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| DAIBES GAS HOLDINGS ATLANTA, L.L.C. et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on two motions for awards of fees and costs by Plaintiff Transamerica Life Insurance Company ("TLI"). On April 20, 2021, this Court granted TLI's motion for summary judgment and entered a Judgment in Plaintiff's favor. On May 20, 2021, TLI moved for an award of attorneys' fees and expenses incurred through April 30, 2021, in the amount of $1,566,755.48. TLI also moved for an award of costs in the amount of $16,483.86. TLI subsequently filed a supplement to these motions, seeking additional awards of attorneys' fees of $162,449.50 and expenses of $2,801.30, for the period May 1, 2021 to September 24, 2021.

On September 22, 2021, this Court appointed the Honorable Walter F. Timpone, Esq., retired Associate Justice of the New Jersey Supreme Court, as Special Master, pursuant to Federal Rule of Civil Procedure 53, to provide the Court with proposed findings of fact and recommendations for decision on the pending fee and cost motions. On January 27, 2022, the Special Master filed his Report and Recommendations ("R&R"). No objections to the R&R were filed during the 21 days following. Pursuant to Federal Rule of Civil Procedure 53(f)(1),

1

this Court gave notice that any party wishing to be heard on the subject of the R&R should request a hearing within ten days; neither party requested a hearing. The Court now considers the R&R, pursuant to Rule 53. Pursuant to Rule 53(f), the Court reviews the Master's findings of fact and conclusions of law *de novo*.

In the R&R, the Master first addressed the motion for costs. Noting that it was unopposed, the Master recommended that the motion be granted, and that costs in the amount of $16,483.86 be awarded to Plaintiff.

The Master next addressed the motion for fees and expenses, as well as the supplemental application. In largest part, Defendants had objected to the reasonableness of a number of attorney time entries, claiming that attorney time was inflated by excessive billing and duplication of efforts at Plaintiff's lead firm, as well as redundancies between Plaintiff's lead lawyers and its local counsel. The Master addressed seven disputes over attorney time billed: 1) the Master recommended that the 508.2 hours billed by Plaintiff's lead law firm for work on the summary judgment motion be reduced to 400 hours, and that the split between partner and associate billing rates be adjusted to reduce the proportion of partner time; these recommendations together effect a reduction of $63,580 to the award of attorney's fees; 2) the Master recommended that the attorney time billed in connection with Plaintiff's expert report be reduced by half, resulting in a reduction of $17,009.75 to the fee award; 3) the Master recommended that the attorney time billed by a senior partner in connection with a legal research memo drafted by a junior partner be reduced from 40.2 hours to 20 hours, resulting in a reduction of $10,100 to the fee award; and 4) the Master addressed four disputes over the billing of lead partner time for tasks that, Defendants contended, could have been done by a more junior lawyer, and recommended that, of the 105.5 hours billed by the lead partner in this regard, 40

hours be compensated at the partner rate and 65.5 be compensated at the associate rate, resulting in a reduction of $11,462.50 to the fee award.

The Master addressed three disputes related to alleged redundancy in billing by lead and local counsel and recommended that, as to the three areas of dispute, local counsel's billing was not duplicative and was reasonable.

As to the supplemental fee application, the Master addressed one dispute of greater magnitude, concerning the billing on the motion for fees, and recommended that 20 hours of local counsel associate time be deducted, 20 hours of lead counsel partner time be deducted, and 10 hours of lead counsel associate time be deducted, resulting in a reduction of $20,750 to the fee award.   The Master also addressed five smaller disputes as to the supplemental application. Two disputes were resolved by Plaintiff's agreement to withdraw a total of $410 in fees.   As to the three remaining disputes, the Master recommended that the billing was reasonable.

The Master addressed two disputes related to travel expenses and associated attorney fees.   First, as to the billing for Chicago-based counsel to travel to New Jersey, the Master recommended that the disputed charges were not compensable, resulting in a reduction of $4,940 from the cost award and $10,750 from the fee award.   Second, the Master recommended that $266.89 in travel expenses was reasonable.

Finally, the Master considered Defendants' argument that Plaintiff's legal fee award is capped as a matter of law under a subsection of New Jersey Court Rule 4:42-9(a), which limits attorney fees in a mortgage foreclosure action.   The Master recommended that this Rule did not apply to this case but that, even if it did, the fee application fell within the applicable limit.

In summary, the Master recommended that 1) Plaintiff's motion for costs totaling $16,483.86, pursuant to Rule 54, be granted; and 2) Plaintiff's motion for attorney fees be

3

granted in part, subject to the aforementioned reductions, resulting in awards of attorney's fees totaling $1,258,836.50 and of costs/expenses totaling $318,083.67.

The parties have made no objections to the Master's Report and Recommendation.   This Court has reviewed the R&R and finds that the Special Master has presented a detailed, thoughtful, and persuasive analysis of the issues presented by the parties; the Special Master's recommendations for the resolution of the disputes are reasonable and fair.   The Court will adopt the R&R as the Opinion of this Court on Plaintiff's two motions for fees and costs.  Plaintiff's motion for fees and expenses will be granted in part and denied in part; Plaintiff will be awarded attorney's fees totaling $1,258,836.50 and expenses totaling $318,083.67.  Plaintiff's motion for costs will be granted; Plaintiff will be awarded costs totaling $16,483.86.

                                                                                                     s/ Stanley R. Chesler
                                                                                                     Stanley R. Chesler, U.S.D.J

Dated:   March 14, 2022