**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | : | **Civil Action No. 18-10869 (SRC)** |
|  | : |  |
| Plaintiff, | : | **OPINION & ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| DAIBES GAS HOLDINGS ATLANTA, L.L.C. et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**CHESLER, District Judge**

This matter has come before the Court on the motion for an indicative ruling by Defendants/Counterclaim Plaintiffs Fred A. Daibes ("Daibes"), Daibes Gas Holdings Atlanta, L.L.C. ("DGHA"), Reb Oil of Alabama, LLC ("Reb Oil"), 1096-1100 River Road Associates, L.L.C. ("RRA"), Lyndhurst Residential Communities, LLC ("LRC") and Portside Gorge Associates, L.L.C. ("PGA") (collectively, "Defendants").   For the reasons that follow, the motion will be denied.

On March 21, 2022, Defendants filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.   Defendants now move in this Court, "pursuant to Federal Rules of Civil Procedure 62.1 and 60(b)(1) for an indicative ruling to clarify or amend the Court's Order on summary judgment entered on April 20, 2021" (the "April 20 Order.")   (Defs.' Br. at 1.)   Defendants ask this Court to issue an indicative ruling which either clarifies the April 20 Order or, in the alternative, amends it:

> The indicative ruling that Defendants seek here, pursuant to Rule 62.1(a)(3), would . . . clarify or, if necessary, alter or amend the April 20 Order to make explicit that the Fee Motion has the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Federal Rule of Civil Procedure 59,

such that the time to appeal the April 20 Order began to run from the date that the Fee Motion was finally resolved, pursuant to Rule 58(e).

(Defs.' Br. at 5.)

As to the motion for an indicative ruling to clarify the April 20 Order, Defendants contend that the Court expressed its intent to give the fee motion that it directed Plaintiff to file the effect of a Rule 59 motion in three ways: 1) the Court decided to deny the motion for summary judgment as to a disputed attorney fee issue for lack of ripeness; and 2) the Court directed Plaintiff to file a fee motion within thirty days; and 3) the Court made an offhand comment during a September 15, 2021 conference call concerning fees that would be incurred during an appeal of its April 20 decision.   Defendants are not persuasive that these comments, decisions, or the words expressing them, reflect anything about tolling the time to appeal. Defendants have not pointed to any statements in the April 20 Order, nor in the accompanying Opinion, that they contend are ambiguous, misleading, or erroneous.   Nor have Defendants pointed to any statements in the Opinion or Order that address the time to appeal or even the matter of appellate review.   Nor is there anything in their original moving briefs which presented such issues to this Court for decision.   The Court appreciates how its resolution of Defendant's summary judgment motion seeking to limit Plaintiff's fee recovery under New Jersey law due to a lack of ripeness, coupled with its direction to Plaintiff to file its attorney fee application within 30 days, might reasonably give the impression that the Court wanted all these matters resolved expeditiously.   Likewise, Plaintiff's conduct and communications with Defendant, following the April 20, 2021 Order, were certainly consistent with Defendant's good faith belief that the time to file a notice of appeal had not run.   However, there is simply nothing in the record that suggests that the Court in fact intended to issue an order tolling the time to appeal the April 20 order – as opposed to simply not considering the issue.   In short,

2

Defendants' good faith belief that the time period had been tolled is insufficient to overcome this hurdle.   Thus, the Court concludes that there is nothing in the Order to clarify.

Alternatively, Defendants move to amend the April 20 Order, pursuant to Federal Rule of Civil Procedure 60(b)(1), to give relief from judgment to Defendants on the ground of mistake. While this Court is sympathetic with Defendants as to the situation they find themselves in, unfortunately, as Plaintiff points out, the Court is without authority to provide the relief they seek.   A Rule 60(b) motion cannot extend the time to appeal unless it is filed within 30 days of the original deadline to file a notice of appeal – as it cannot circumvent the time limit set by Federal Rule of Appellate Procedure 4(a)(5), which states:

> (5) Motion for Extension of Time.
>
> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . .

Plaintiff argues persuasively that the Third Circuit barred the use of Rule 60(b) to circumvent the time limits in Appellate Rule 4 in West v. Keve, 721 F.2d 91, 97 (3d Cir. 1983) ("because the avowed purpose of the Rule 60(b) motion in this case was to extend the time for appeal, it had to meet the time limitations of Rule 4(a).")[1]   Defendants' efforts to distinguish the instant case from West are unpersuasive.   This case appears to be in all significant ways identical to the

---

[1] See also the Third Circuit's decision in Cumberland Mut. Fire Ins. Co. v. Express Prods., 529 F. App'x 245, 251 (3d Cir. 2013) (citations omitted):

> Although we recognize the general policy considerations favoring preservation of the right to appeal, mere subjective confusion cannot exempt a party from operation of the clear and established procedures for the orderly filing of appeals. Failure to file a timely appeal is an "error . . . of jurisdictional magnitude." Bowles, 551 U.S. at 213. Such a jurisdictional defect is thus properly governed by a "rigorous rule[]," and it is beyond the Courts' authority to engage in equitable balancing in this regard.

issue in <u>West</u> and controlled by that decision.

In reply, Defendants argue that Plaintiff is incorrect in characterizing their alternative motion to amend as an application for an extension of time to appeal.   This Court, however, does not understand Defendants' explanation of what authorizes the relief they seek under Rule 60(b)(1), on the ground of mistake.   If Defendants avow that they do *not* seek an extension of time to appeal, that leaves them with the single strategy of seeking clarification of last year's Order, on the theory that it was this Court's intention, when it issued the April 20 Order, to toll the time to appeal.   As already explained, Defendants have not persuaded the Court that there is any support for the contention that it intended the April 20 Opinion or Order to have the effect of a Rule 58(e) tolling order.

Defendants' motion for an indicative ruling will be denied.

For these reasons,

**IT IS** on this 26th day of May, 2022

**ORDERED** that Defendants' motion for an indicative ruling (Docket Entry No. 110) is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J
